UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: ) | |
| ) | Chapter 13 |
| Rebecca B. Reeves, ) | Case No. 20-00631-dd |
| ) | |
| ) | |
| Debtor. ) | |
| ) | |

## ORDER DENYING SUPPLEMENTAL FEE REQUEST

This matter came before the Court on the Statement of Supplemental Fees in the amount of $1,289.00 filed by Moss & Associates, Attorneys, P.A. ("Attorney") on November 7, 2022 (Dkt. No. 32; the "Supplemental Fee Request"), to which both the Chapter 13 trustee and the Acting United States Trustee for Region Four (the "UST") filed Objections (Dkt. Nos. 33 & 35; the "Objections"). On January 5, 2023, a hearing was held on the Supplemental Fee Request (the "Hearing"). Based on the evidence presented and the arguments of counsel, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

In the Supplemental Fee Request, Attorney seeks an award of $1,289.00 in fees and costs (the "Supplemental Fees") for filing a motion for a moratorium (Dkt. No. 27; the "Motion for Moratorium") in payments under the confirmed Chapter 13 plan (Dkt. No. 16; the "Plan") and filing a notice of change in address (Dkt. No. 26; the "Change of Address") on behalf of Debtor Rebecca B. Reeves ("Debtor"). The Supplemental Fees requested are in addition to the $3,700.00 Attorney received under the Expedited Fee Approval Procedure under SC LBR 2016-1(b).[1] In the Objections, the UST and Chapter 13 trustee argue that: (a) the Supplemental Fees are not permissible under 11 U.S.C. §§ 329(b) & 330, SC LBR 2016-1(b), and Fed. R. Bankr. P. 2016 &

---

[1] The Expedited Fee is often referred to as the "No-Look Fee."

1

2017; (b) the Supplemental Fees are not reasonable under 11 U.S.C. §§ 329(b) & 330(a)(3) & (4) and Fed. R. Bankr. P. 2017(b); (c) Attorney did not provide adequate disclosures and notice of the Supplemental Fees under 11 U.S.C. § 329(a), SC LBR 2016-1(b)(2), and Fed. R. Bankr. P.2016(a); and (d) Attorney did not provide adequate disclosure and notice to Debtor of the Supplemental Fees under SC LBR 2016-1(b)(2) and 11 U.S.C. § 528.[2]

Debtor Rebecca Reeves filed a petition for relief under Chapter 13 of the Bankruptcy Code on February 5, 2020. Included in the petition is a Disclosure of Compensation of Attorney for Debtor(s) pursuant to § 329(a) and Fed. R. Bankr. P. 2016(b) (the "Disclosure of Compensation"),[3] which states that Attorney agreed to accept $3,700.00, of which $489.00 had been paid prior to the filing, "to render legal service for all aspects of the bankruptcy case" except for:

> Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions, motions to incur debt, motions to sell property, moratoriums, motions to reconsider, plan modifications after confirmation, motions to reopen, motions to redeem, or any other adversary proceeding.

Based upon the Disclosure of Compensation, Attorney and Debtor agreed to the Expedited Fee Approval Procedure under SC LBR 2016-1(b)(1).

On September 11, 2022, Attorney filed the Change of Address on behalf of Debtor by submitting a text event in CM/ECF indicating that Debtor's mailing address had changed.[4]

On September 12, 2022, Attorney filed on behalf of Debtor a one-page Motion for Moratorium and proposed order seeking a three-month suspension in Plan payments.[5] The Motion for Moratorium was not contested. The Trustee prepared and submitted a proposed Order Granting the Motion for Moratorium, which the Court entered on October 11, 2022.

---

[2] Further references to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, shall be by section number only.
[3] The Disclosure of Compensation was admitted as *Exhibit 1* at the Hearing.
[4] The Change of Address was admitted as *Exhibit 4* at the Hearing.
[5] The Motion for Moratorium was admitted as *Exhibit 6* at the Hearing.

On November 4, 2022, Attorney filed its Bankruptcy Retainer Agreement with Debtor, which is not dated, and a Disclosure of Additional Attorney's Fees dated October 25, 2022. (Dkt. No. 31; the "Retainer Agreement" and "Disclosure of Additional Attorney's Fees").[6] The undated Retainer Agreement provides in relevant part:

> [Attorney] agrees that, in exchange for payment of [$3,700.00], [Attorney] shall perform all services associated with the bankruptcy matter except for those specifically listed on Schedule A, attached hereto. If additional fees are incurred as specified in Schedule A, Client shall be responsible for such fees. However, Client acknowledges that [Attorney] may be able to file a supplemental claim with the bankruptcy, court which would allow payment out of the assets of the estate or Chapter 13 plan payments. By signing this agreement, Client agrees to allow [Attorney] to file such claims with the court without further written agreement, if such work is completed by [Attorney]. The parties further agree that all fees paid under this agreement are non-refundable and earned immediately by [Attorney] . . . .

There is no Schedule A attached to the filed Retainer Agreement, however, based on a review of other retainer agreements filed by Attorney in other cases, Schedule A likely includes language providing that "generally, Attorney shall not be required to perform services [excluded services], unless the fees are paid by the client."[7]

The Disclosure of Additional Attorney's Fees lists services that Attorney may provide to Debtor for fees ranging from $285.00 to $1,700.00.[8] Included in the list of services are fees of $885.00 for "Motion for Moratorium" and $385.00 for "Address change in estate." The Disclosure

---

[6] The Retainer Agreement and Disclosure of Additional Attorney's Fees were admitted into evidence as *Exhibit 2* at the Hearing.

[7] Conditioning performance of attorney services on the prior payment of fees is inconsistent with case law in this District. *See In re Stamper*, C/A No. 02-09812-W, slip op. (Bankr. D.S.C. Dec. 19, 2005) (concluding that attorney's refusal to represent the debtor in connection with a motion to incur debt without advance payment violated SC LBR 9010-1 and sanctioning counsel).

[8] Many of the services listed in the Disclosure of Additional Fees do not appear to fall within the categories in which supplemental fees under SC LBR 2016-1(b)(2) are allowed. Additionally, the Court notes that the practice of seeking supplemental fees for specific services may be inconsistent with SC LBR 9011-1(b) if the supplemental fees are not in compliance with SC LBR 2016-1(b).

3

of Additional Attorney's Fees was signed by Debtor and dated October 25, 2022, which is more than two and half years after Debtor's case was filed, and more than forty days after Attorney performed the services which are the basis of the Supplemental Fee Request. At the bottom of the Disclosure of Additional Attorney's Fees, the following language is included:

> These fees are in addition to expedited attorney fees as referenced in the signed attorney client agreement. The fees referenced herein may increase and/or decrease at the discretion of the attorney. The fees will be paid through the Chapter 13 Plan at zero (0%) percent interest. If you have an issue that requires legal work greater than the above-referenced amounts, a request for approval of additional fees will be submitted to the Bankruptcy Trustee and Bankruptcy Court. If any additional work is needed, the Attorney rate is $500/per hour. If paid through a Contingency Agreement, Attorney will be paid at 40%. Any service for a creditor is an additional $2.00 or more per creditor.

On November 7, 2022, Attorney filed the Supplemental Fee Request, which seeks approval of a disbursement of $1,289.00 through the confirmed Plan for $885.00 for filing the Motion for Moratorium and $19.00 for related postage charges, and $385.00 for the filing of the Notice of Change of Address text event for Debtor.[9] The Supplemental Fee Request, if approved, would bring the total compensation to be paid to Attorney by Debtor to $4,989.00 for services provided in this case.

At the Hearing, the Chapter 13 trustee represented that Debtor's Plan payment is insufficient to pay the Supplemental Fee Request and a payment increase stipulation or a modified plan would be required if the fees are allowed. The Chapter 13 trustee also represented that she had reviewed reports created from the data of her internal recordkeeping software that reflect that all of the supplemental fee requests filed in cases assigned to her office from June 1, 2022 through December 27, 2022 (the "Reports"). The Reports showed that Attorney was the only attorney to

---

[9] The Supplemental Fee Request was admitted into evidence as *Exhibit 3*. On December 27, 2022, a Notice of Fee Reduction was filed by Attorney reducing the Supplemental Fee Request to $0.00. (Dkt. No.44; the "Notice of Fee Reduction"). The Chapter 13 trustee and UST did not consent to the withdrawal. The Notice of Fee Reduction was admitted into evidence as *Exhibit 5*.

request a fee for filing notices of change of address for debtors, and that Attorney continued to file requests for supplemental fees in the reduced amount of $285.00 for filing notices of change address for debtors even after the Objections were filed to the Supplemental Fee Request in this case.[10]

The Chapter 13 trustee also represented that the Reports reflected that Attorney was the only attorney that requested a fee of more than $500.00 for services related to the filing of motions for moratorium. The Chapter 13 trustee presented that the Reports showed that Attorney reduced the amount of supplemental fees requested for services related to a motion for moratorium (ranging from $400.00 to $685.00) after the filing of the Objections to the Supplemental Fee Request in this case.[11]

Attorney did not dispute the facts presented by the UST and Chapter 13 trustee at the Hearing and in the Objections.

## **CONCLUSIONS OF LAW**

The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §157(b), and venue is proper under 28 U.S.C. §§ 1408 and 1409. The Chapter 13 trustee and the UST argue that the Supplemental Fee Request should be denied due to (1) the inadequate disclosures and notice of the supplemental fees under § 329(a), SC LBR 2016-1(b)(2), Fed. R. Bankr. P.2016(a), and § 528; and (2) the Supplemental Fees are not permissible

---

[10] For example, the Attorney has filed supplemental fee requests in the amount of $285.00 for services related to the filing of a Notice of Change Address in C/A No. 18-00022 on December 1, 2022 (ECF No. 60) and C/A No. 22-00052 on December 7, 2022 (ECF No. 38).

[11] For example, Attorney has filed supplemental fee requests for services related to motions for moratorium in C/A No. 22-01332 on November 28, 2022 (ECF No. 36) for $685.00; in C/A No. 22-00018 on December 12, 2022 (ECF No. 50) for $400.00, and C/A No. 21-02612 on December 26, 2022 (ECF No. 50) for $500.00.

and reasonable under §§ 329(b) & 330, SC LBR 2016-1(b), and Fed. R. Bankr. P. 2016 & 2017(b). The Court addresses each of these arguments below.

> I.  Attorney's Duty to Disclose Compensation

Attorneys representing debtors in bankruptcy cases have an affirmative duty to fully and completely disclose all fee arrangements and all payments. Specifically, § 329(a) provides that:

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

Further, Fed. R. Bankr. P. 2016(b) provides that:

> Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code . . . . A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed.

Pursuant to Fed. R. Bankr. P. 9009(b), the Director of the Administrative Office of the United States Courts has issued the Disclosure of Compensation of Attorney for Debtor Form (Form B 2030) to assist with the required disclosures of a debtor's counsel.

In addition to the disclosures filed with the Court, in situations where the debtor's counsel qualifies as a "debt relief agency" as defined under the Bankruptcy Code under § 101(12A),[12]

---

[12] The definition of "debt relief agency" contains other terms also defined under § 101 of the Code. Specifically, "debt relief agency" is defined, in relevant part to the present matter, as "any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration . . . ." 11 U.S.C. § 101(12A). "Bankruptcy assistance" is defined as "any goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at a creditors' meeting or appearing in a case or proceeding on behalf of another or providing legal representation with respect to a case or proceeding under the title." 11 U.S.C. § 101(4A). Finally, the Code defines "assisted person" as "any person whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $226,850." 11 U.S.C. § 101(3).

6

debtor's counsel is required to execute a written contract with the debtor no later than five business days after counsel provides bankruptcy assistance services to the debtor and before the debtor files a bankruptcy petition that "explains clearly and conspicuously—(A) the services such [attorney] will provide to such [debtor]; and (B) the fees or charges for such services, and the terms of payment." 11 U.S.C. § 528(a).

Finally, SC LBR 2016-1(b)(2) provides that an attorney may seek supplemental fees if they are expressly authorized by a conspicuous provision of a written fee agreement, and the supplemental fees relate to additional work necessary as a result of "any matters involving the default under or variance from the terms of a confirmed plan, adversary proceedings, appeals, or other complicating factors not present in the typical chapter 13 case." SC LBR 2016-1(b)((2)(B) provides that a statement of supplemental fees must be filed in a reasonable time after the completion of the additional service. These required fee disclosures are central to the integrity of the bankruptcy process. *See In re TJN, Inc.*, 194 B.R. 400, 403-04 (Bankr. D.S.C. 1996).

The UST and Chapter 13 trustee assert that Attorney's disclosures in this case were deficient and did not adequately disclose the services to be provided as part of the expedited fee under SC LBR 2016(b)(1) (also known as the "no look fee"), and that the Attorney did not clearly and conspicuously disclose such fees and services to debtor as part of the parties' written contract, resulting in violations of §§ 526 and 528 of the Bankruptcy Code, which govern the conduct of debt relief agencies.

The Disclosure of Compensation filed by Attorney in this case provides that Attorney agreed to accept $3,700.00 (with $489.00 being paid by Debtor directly to Attorney prior to the

---

The Supreme Court of the United States has held that attorneys for debtor's counsel can be debt relief agencies, subject to the requirements of §§ 526, 527 and 528 of the Bankruptcy Code, if the debtor qualifies as an "assisted person." *See Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229, 239 (2010).

filing of the case) "to render legal service for all aspects of the bankruptcy case, except for specifically listed services: Representation of the debtors in dischargeability actions, judicial lien avoidances, relief from stay actions, motions to incur debt, motions to sell property, moratoriums, motions to reconsider, plan modification after confirmations, motions to reopen, motions to redeem, or any other adversary proceeding."

The only retainer agreement provided in this matter is the undated Retainer Agreement filed by the Attorney on November 4, 2022. The Retainer Agreement states that the Attorney "shall perform all services associated with the bankruptcy matter except for those specifically listed on Schedule A, attached hereto." While the Retainer Agreement purports to exclude certain services that are listed on an attached Schedule A, no Schedule A is attached to the Retainer Agreement. No explanation was provided at the Hearing for the omission of Schedule A and whether an attachment listing excluded services was ever provided to Debtor. Without evidence to the contrary, the Court concludes that Schedule A was not attached to Attorney's Retainer Agreement, and that the Retainer Agreement did not list any excluded services from the expedited (no-look) fee.

Even if Schedule A had been attached to the Retainer Agreement, the Court notes that a layperson is not likely to understand what services are required for a bankruptcy case to be successfully completed. When the Retainer Agreement provides that Attorney ***shall provide all services associated with the bankruptcy matter*** for the $3,700 paid by Debtor, Debtor would reasonably anticipate that any services that are excluded would relate to matters that are not typical to the bankruptcy case. However, the Retainer Agreement includes a Disclosure of Additional Attorneys' Fees, signed and dated by Debtor on October 25, 2022, that covers 47 types of

8

services[13] that require Debtor to pay an additional fee.[14] The Retainer Agreement does not provide a specific list of services that are covered by the $3,700. The Retainer Agreement with its attachments are not clear and conspicuous as to the services to be provided to Debtor and the fees related thereto as required by § 528(a).

Further, the Disclosure of Additional Attorney's Fees includes multiple services not listed in the Attorney's Disclosure of Compensation filed with the Court. Section 329 reflects Congress's recognition that attorney fee payments by a debtor present a "serious potential for overreaching by the debtor's attorney" and that such payments should therefore be subjected to "careful scrutiny." H.R. Rep. No. 95-595 at 329 (1997) (reprinted in U.S.C.C.A.N. 5963, 6285). "[T]hese provisions [§ 329 and B.R. 2017] furnish the court with express power to review payments to attorneys for excessiveness . . . ." *Burd v. Walters* (*In re Walters*), 868 F.2d 665, 667 (4th Cir. 1989) (quoting *In Re Martin*, 817 F.2d 175, 180 (1st Cir.1987)) (brackets in original); *see also In re Waters*, 634 B.R. 478, 478-90 (Bankr. D.S.C. 2021) ("The Court has an independent judicial responsibility to review the fees of professionals *sua sponte*, even in the absence of objections."). In order to facilitate the bankruptcy court's fee review, the Bankruptcy Code requires debtors' attorneys to file with the court a "statement of compensation paid or agreed to be paid," if such agreement was

---

[13] The list of excepted services include those that relate to services present in a typical chapter 13 case and which do not involve a default under or variance in the terms of the confirmed Plan, such as Type 18: Address Change Estate Amount $385.00 and Type 46: Negotiation with Trustee Amount $885.00.

[14] The last paragraph of the Disclosure of Additional Attorney's Fees states that:

> These fees are in addition to expedited attorney fees as referenced in the signed attorney client agreement. The fees referenced herein may increase and/or decrease at the discretion of the attorney. The fees will be paid through the Chapter 13 Plan at zero (0%) percent interest. If you have an issue that requires legal work greater than the above-referenced amounts, a request for approval of additional fees will be submitted to the Bankruptcy Trustee and Bankruptcy Court. If any additional work is needed, the Attorney rate is $500/per hour. If paid through a Contingency Agreement, Attorney will be paid at 40%. Any service for a creditor is an additional $2.00 or more per creditor.

9

made within a year prior to the bankruptcy filing, "for services rendered or to be rendered in contemplation of or in connection with the case." 11 U.S.C. § 329(a).

The Court agrees that Attorney's Disclosure of Compensation regarding its fee arrangements with Debtor is inconsistent and provides conflicting information as to what services are included in the expedited (no-look) attorney fee and what services are excluded from that flat fee. Attorney's Disclosure of Compensation lists some excluded services, including motions for moratoriums, but conflicts with the Disclosure of Additional Attorney's Fees, which lists many additional excluded services not previously disclosed. In addition, the Court notes that the record is not clear as to when such fees were agreed to by Debtor. The Retainer Agreement is not dated, and the Disclosure of Additional Attorney's Fees was signed by Debtor nearly forty-five (45) days after Attorney commenced the services addressed in Attorney's Supplemental Fee Requests.

Inconsistent and untimely disclosures lead to questions of whether Debtor had full disclosure of the fees and services to be provided and whether such provisions were clear and conspicuous. There is also no information included in the Retainer Agreement or the Disclosure of Additional Attorney's Fees to inform Debtor that to pay Attorney for additional fees either: (A) a modified plan increasing the amount Debtor has to pay may be required, or (B) that unsecured creditors may be paid less than originally projected at confirmation to pay the Attorney's additional fees.

SC LBR 2016-1(b) requires that supplemental fees may be allowed only "if expressly authorized by a conspicuous provision of a written fee agreement[.]" By failing to provide Debtor with a list of excluded services as part of its retainer agreement with Debtor and by waiting to execute the Disclosure of Additional Attorney's Fee until after the services were completed, the Court finds that the services included in Attorney's Supplemental Fee Request were not expressly

10

authorized by a conspicuous provision of a written fee agreement. Even if Debtor had been provided with Schedule A, and had signed all of the documents prior to the services being provided, the inconsistencies and lack of clarity of the documents prevents clear and conspicuous disclosure of the services to be provided and the fees attendant thereto.[15] Therefore, under SC LBR 2016-1, the Supplemental Fees requested by Attorney in its Supplemental Fee Request cannot be approved.

For these reasons, the Court denies Attorney's Supplemental Fee Request due to issues concerning Attorney's disclosures to Debtor regarding the services it was to provide and the fees to be charged for such services.

II.     The Reasonableness of Compensation Requested

While the Supplemental Fee Request is denied on the basis that Attorney's disclosures were insufficient, the Court will nonetheless consider whether the compensation requested in the Supplemental Fee Request is reasonable. In the Objections, the Chapter 13 trustee and the UST argue that the fees and costs requested in the Supplemental Fee Request of $885.00 in attorney's fees and $19.00 in costs for the filing of the Motion for Moratorium and the $385.00 in attorney's fees for filing the Change of Address are not reasonable. Further, regarding the Supplemental Fees for services related to the filing of the Change of Address for Debtor, they assert that the fees should not be recoverable as such services are incorporated in the District's expedited (no-look) fee.

Bankruptcy courts have broad discretion under § 329(b) to disallow and require the return of excessive fees. *See In re Geraci*, 138 F.3d 314, 318-19 (7th Cir. 1998). Section 329(b) provides that if "compensation exceeds the reasonable value of any such services, the court may cancel any

---

[15] The failure to clearly and conspicuously disclose the terms of the services and fees is also violative of § 528(a)(1) and § 526(a)(3)(A).

11

such agreement, or order the return of any such payment, to the extent excessive," to the estate or the entity that paid for the compensation. Federal Rule of Bankruptcy Procedure Rule 2017 also provides that the Court may review the excessiveness of any payment of money, transfer of property by a debtor, and in circumstances involving post-petition services, any agreement therefor for services related to a bankruptcy case. *See Walters*, 868 F.2d at 667 ("These provisions [of § 329 and Fed. R. Bankr. P. 2017] furnish the court with express power to review payments to attorneys for excessiveness . . . ." (quoting *Martin*, 817 F.2d at 180)). SC LBR 2016-1(b)(2) reinforces the Court's ability to review the reasonableness of supplemental fee requests, providing that "[a]ll supplemental fees approved for disbursement by the Trustee or approved as a direct payment by the debtor(s) remain subject to the Court's consideration of the fee under 11 U.S.C. § 329(b) at any time prior to the closing of the case."

Further, § 330(a)(4)(B) provides that "[i]n a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in [§ 330]." The other factors for reviewing the reasonableness of compensation set forth in § 330 include:

> [T]he nature, the extent, and the value of such services, taking into account all relevant factors, including—
> (A) the time spend on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or tax addressed;

12

> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparable skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). "The reasonableness inquiry requires a court to consider a variety of factors, including the quality of the services rendered and the time spent."[16] *In re Busche*, C/A No. 15-02559-dd, 2015 Bankr. LEXIS 3669 (Bankr. D.S.C. Oct. 27, 2015). Further, "[i]n determining what constitutes reasonable compensation, the Court may rely on its own expertise regarding reasonable compensation and review fees charged by and awarded to other attorneys who represent debtors in chapter 13 cases in this District." *In re Welch*, C/A No. 21-02884-EG, slip op at 13 (Bankr. D.S.C. Dec. 6, 2022).

The Bankruptcy Court's review of attorney's fees is critical as it protects the interests of the many parties involved in the bankruptcy process:

> "There is a concern for protecting the interest of a debtor in financially distressed circumstances from possible overreaching. There is the additional concern of protecting creditors since, in any case in which a debtor is paying less than 100% to unsecured creditors, the creditors are essentially paying the debtor's attorney's fees. Further the Bankruptcy Code recognizes that there is an inherent public interest that must be considered in awarding fees."

*In re Metts*, 642 B.R. 424, 430 (Bankr. D.S.C. 2022) (quoting *In re Dabney*, 417 B.R. 826, 829 (Bankr. N.D. Ga. 2009)). It is the attorney's burden to show the reasonableness of the fees they

---

[16] In addition to the lodestar method, the Fourth Circuit in *Barber v. Kimbrell's Inc.*, 577 F.2d 216 (4th Cir. 1978) has indicated that twelve factors must be considered in determining the reasonableness of attorney fees requested, which include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

are requesting. *See In re Fowler*, C/A 05-10053-hb, 2008 Bankr. LEXIS 4111(Bankr. D.S.C. July 9, 2008).

A. $385.00 for Services Related to the Filing of the Change of Address in this Case Are Excessive and Unreasonable and Such Services Are Incorporated in the Expedited Fee Provided under SC LBR 2016-1(b)(1)

In the Supplemental Fee Request, Attorney seeks compensation of $385.00 for the filing of the Change of Address to provide notice that Debtor changed her mailing address. Attorney did not include such a filing as an excepted service in its Retainer Agreement with Debtor or in the Disclosure of Compensation.

A notice of address change is a text event in the Court's electronic filing system (known as CM/ECF). Updating the address of a debtor is purely administrative and requires a short communication with the debtor, the updating of the internal case management system, and the filing a text event in CM/ECF. Minimal, if any, participation by an attorney is needed in completing the service, and it would require only a small amount of time for a paraprofessional to complete. At the Hearing, the Chapter 13 trustee represented that, based upon her review of the Reports, Attorney was the only attorney that requested any supplemental fees for services related to the filing of a notice of change of address during the period of June 1, 2022 to December 27, 2022.

The Court finds that services related to the filing of the Change of Address are incorporated in the expedited (no-look) fee provided for under SC LBR 2016-1(b), under which the Attorney elected to receive compensation in this case. SC LBR 2016-1(b) provides that a debtor's counsel may, in lieu of filing formal fee applications with the Court, agree to representation in a chapter 13 bankruptcy case on a flat fee basis if the amount of fee for representation is equal to or less than an amount set by the Judge assigned to the case. SC LBR 2016-1(b)(2) provides the limited

circumstances under which counsel for a debtor may be able to receive supplemental compensation for additional work in a case. The additional work must be necessary and as a result of matters involving (1) the default under or variance from the terms of the confirmed plan, (2) adversary proceeding, (3) appeals, or (4) other complicating factors not present in the typical chapter 13 case if such fees are "expressly authorized by a conspicuous provision of a written fee agreement[.]"

It is not atypical for a chapter 13 debtor to change addresses in a three-to-five-year period of a chapter 13 plan, and a debtor's change of address does not constitute a default under or variance from the terms of the debtor's confirmed plan, nor does such services relate to an adversary proceeding or appeal. Based upon the plain language of the Local Bankruptcy Rule, the filing of notice of change of address does not constitute grounds for charging a supplemental fee. Attorney has failed to demonstrate any other complicating factors in this matter to justify the charging of the Supplemental Fees for the Change of Address. For these reasons, the Court finds the filing of the Change Address on behalf of Debtor was incorporated into the services contemplated under the expedited (no-look) fee of SC LBR 2016-1(b), such that no award of Supplemental Fees should be permitted for these services.

In addition, based upon the lack of evidence presented by Attorney at the Hearing, as well as the evidence of customary fees charged by other counsel in this District for similar services, the Court finds that the request for $385.00 in attorney's fees for the filing of the Change of Address in this case is excessive and unreasonable.

Therefore, Attorney's request for Supplemental Fees in the amount of $385.00 for services related to the filing of the Change of Address is denied.

B. <u>$885.00 in Attorney's Fees for a Routine Motion for Moratorium Are Excessive and Unreasonable in this Case</u>

15

The Supplemental Fee Request also includes a request by Attorney of $885.00 in attorney's fees and $19.00 in costs for services related to the filing of the Motion for Moratorium, to which the UST and Chapter 13 trustee have objected as excessive and unreasonable. At the Hearing, Attorney did not present any evidence regarding the work required to complete the filing of the Motion for Moratorium or any complex or unexpected circumstances involved in the matter.

Motions for moratoriums are relatively common in chapter 13 cases. It appears Debtor's Motion for Moratorium was not contested and was a single-page motion that Attorney has used in multiple other chapter 13 cases. Because no objection or response was filed to the Motion for Moratorium, no hearing was held in the matter. Further, the Chapter 13 trustee represented that her office drafted the proposed Order Granting the Motion for Moratorium that was entered by this Court.

At the Hearing, the Chapter 13 trustee advised the Court that the Reports show that no other attorney requested supplemental fees for services related to the filing of motions for moratorium of more than $500.00 in the cases assigned to her during the period of June 1, 2022 to December 27, 2022. When considering the work required to obtain a moratorium coupled with the customary rates of chapter 13 debtor's counsel in this District, the Court finds that, here, the $885.00 fee requested is excessive. *See Welch*, C/A No. 21-028840-eg, slip op. at 21-22 (holding that $400.00 is appropriate amount for a supplemental fee request for services related to a routine and uncontested motion for moratorium). In addition, the Court finds that the costs associated with the filing of the Motion for Moratorium of $19.00 should be incorporated in the flat fee basis of Attorney's supplemental fee structure, and therefore, are excessive and should be disallowed. Based on the customary rates charged in this District and the work performed by Attorney, and in the absence of the presentation of any evidence to the contrary, the Court finds that $400.00 is

reasonable compensation in this case for the services provided relating to the filing of the Motion for Moratorium and disallows the $19.00 in service charges requested.

After the filing of the Objections by the UST and Chapter 13 trustee, Attorney filed the Notice of Fee Reduction, which reduced the Supplemental Fees requested by the Attorney to $0.00. Therefore, while the Court finds that $400.00 is reasonable compensation in this case for the services provided relating to the filing of the Motion for Moratorium, the Court accepts Attorney's election to charge no fees to Debtor for the services provided in the Supplemental Fee Request and none are approved herein.

NOW THEREFORE IT IS ORDERED THAT, for the reasons stated above, the Attorney's Supplemental Fee Request is denied.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**02/07/2023**



Entered: 02/07/2023

David R. Duncan
US Bankruptcy Judge
District of South Carolina